UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY BOIE,
Plaintiff,

v.

CIVIL ACTION NO. 25-13986-MPK

MICHELLE BOIE,
Defendant.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, ORDER FOR REASSIGNMENT, AND RECOMMENDATION OF DISMISSAL
July 20, 2026

KELLEY, U.S.M.J.

Timothy Boie ("Plaintiff"), who is representing himself, has filed a complaint for negligence against his mother, Michelle Boie. Plaintiff invokes the court's diversity subject matter jurisdiction under 28 U.S.C. § 1332, representing that the parties are citizens of different states. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. As set forth below, the court will grant the motion, order that this action be reassigned to a District Judge, and recommend to the District Judge that this action be dismissed.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the court GRANTS the same.

## II. Order to Reassign to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). As set forth below, this court concludes that this action is subject to *sua sponte* dismissal. Because the parties have not

consented to the final assignment of this case to the Magistrate Judge, the court cannot dismiss the action. For that reason, the court will order that the Clerk of this Court reassign this case to a District Judge.

## III. <u>Review of the Complaint</u>

According to Plaintiff, when he was a child, his mother "created a continuous media production including The Plaintiff as the lead role." Compl. at 6. Plaintiff further alleges that his mother and her "media production always obstructs The Plaintiff from knowing of the media production," and the "media production is always in The Plaintiff's close physical radius wearing disguises with human masks and using hidden technology." *Id.* Plaintiff claims that the defendant's alleged misconduct has resulted in resulted in "debts, hospital expenses, motional distress, lost compensation, property, publicity rights, reputation, transportation expenses, unemployment, homelessness, and physical injury." *Id.* Plaintiff seeks "relief greater than $75,000." *Id.* at 4.

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of his complaint and dismiss the pleading if it is frivolous, or in other words, lacks an arguable basis in fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing for the dismissal of an in forma pauperis complaint that is "frivolous"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact"). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," which includes "claims describing fantastic or delusional scenarios." *Nietzke*, 490 U.S. at 325, 327. As Plaintiff is not represented by an attorney, the court construes his complaint more liberally than a pleading drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Having carefully considered Plaintiff's allegations, the court concludes that Plaintiff's complaint fails to set forth a claim with an arguable basis in fact.

## IV. **Conclusion**

In accordance with the foregoing, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The Clerk of this Court shall reassign this action to a District Judge.

3. The court RECOMMENDS to the District Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous.

## V. **Review by District Judge**

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge